IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES HENNING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-1657 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| ENRIQUE RADAL BARRANCO and LYFT, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles Henning initially filed this suit in the Circuit Court of Cook County [1-1] alleging that Defendant Enrique Radal Barranco caused injury to Plaintiff by negligently driving a motor vehicle that he was operating as an employee of Defendant Lyft, Inc. Defendant Lyft removed the case [1], and Plaintiff moved to remand [9]. For the reasons stated below, Plaintiff's motion to remand [9] is granted. The Clerk is directed to remand this case to the Circuit Court of Cook County. Civil case terminated.

**I.    Background[1]**

On February 23, 2018, Plaintiff was driving a motorcycle northbound on Western Avenue in Chicago. [1-1 at ¶ 2.] Defendant Barranco, who was working for Lyft at the time [*id*. at ¶ 6], was driving a car westbound on Logan Boulevard [*id.* at ¶ 1]. Plaintiff was stopped in the middle of the intersection of Western Avenue and Logan Boulevard when Barranco approached the intersection, "accelerated and struck Plaintiff's motorcycle, then and there causing Plaintiff" to suffer injuries. [*Id.* at ¶ 4.]

---

[1] The factual background for this case is taken from the allegations of the complaint, which are accepted as true for purposes of this ruling, as well as from documents of record in this lawsuit while it was pending in the Circuit Court of Cook County.

Plaintiff filed a two-count complaint in state court on January 10, 2020 against Barranco and Lyft. Count 1 asserts that Barranco negligently caused the accident, while Count 2 asserts that Lyft, as Barranco's employer at the time of the accident, was responsible for Barranco's negligence. [*Id.* at ¶¶ 9–16.]. Plaintiff requests damages "in an amount greater than $50,000 plus costs of this lawsuit." [*Id.* at ¶¶ 12, 16.] Plaintiff and Defendant Barranco reside in and are citizens of Illinois, while Defendant Lyft is a Delaware corporation with its principal place of business in California. [See 1 at ¶ 2.]

Although Plaintiff names Barranco and Lyft as defendants in the complaint [see 1-1 at ¶¶ 1, 3], a summons was issued on the date of filing without naming Lyft or Barranco [9-3 at 2]. On January 30, 2020, service was unsuccessfully attempted on Barranco. [See 9-4 at 10.] Through a court-appointed special process server, Plaintiff attempted to serve Barranco nine more times during 2020—three times in March, once in June, and five times in November—and was unsuccessful again. [See *id.* at 1–9.] Plaintiff served Lyft on June 26, 2020, approximately five months after filing his complaint. [1-2 at 1.]

Lyft filed a motion to dismiss in the Circuit Court of Cook County on October 22, 2020, arguing that Plaintiff's failure to serve Lyft for more than five months since filing the complaint and well after the statute of limitations had expired warranted dismissal with prejudice pursuant to Illinois Supreme Court Rule 103(b). [9-3 at 2.] The Circuit Court denied Lyft's motion on February 1, 2021. [*Id.* at 8.] While acknowledging that "[t]he lapse of five and a half months between filing the complaint and serving Lyft is *prima facie* evidence of lack of diligence" [*id.* at 3], the court nonetheless determined that "[v]iewing the totality of the circumstances of all the factors, Plaintiff's five and a half month delay in serving Lyft on June 26, 2020 was objectively reasonable," and therefore did not warrant dismissal. [*Id.* at 7.] In so ruling, the court found

adequate Plaintiff's explanation for the delay, which Plaintiff stated was due in large part to his first attorney falling seriously ill and the logistical challenges created by the COVID-19 pandemic. [*Id.* at 6.] The court entered a case management order setting March 19, 2021 as the deadline by which the parties were instructed to serve discovery. [11-7.]

On March 26, 2021, one week after Plaintiff failed to meet the Circuit Court's March 19, 2021 deadline, Lyft removed the suit to this Court based on diversity of citizenship. See [1]; see also 28 U.S.C. §§ 1332, 1441. Lyft asserted that although there were no grounds for federal jurisdiction in January 2020 when the complaint was first filed, diversity jurisdiction existed as of March 19, 2021, when, according to Lyft, Plaintiff voluntarily dismissed his claim against Barranco. [See 1.] Plaintiff responded on April 25, 2021 by filing the instant motion to remand [9], which has been fully briefed [see 11, 13].

**II.     Legal Standard**

"The federal removal statute permits a defendant to remove a civil action from a state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). The party invoking federal jurisdiction has the burden of establishing that it exists. See *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate "reasonable probability" that subject-matter jurisdiction exists). In evaluating whether to remand a case, "federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009).

**III.    Analysis**

Lyft has removed this case based on diversity jurisdiction, which exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

3

citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity, meaning that "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). In addition to demonstrating the prerequisites for showing diversity or a federal question, a defendant removing an action must comply with the timing rules set forth in 28 U.S.C. § 1446. Those rules require generally that a defendant file a notice of removal within 30 days of being served with the complaint, see § 1446(b)(1), "or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). And they impose an additional time constraint on removal based on diversity jurisdiction, barring removal "on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Plaintiff asserts three grounds for remand. First, Plaintiff insists that removal was untimely because Lyft attempted to remove the action more than one year after it was commenced in state court. Second, Plaintiff's submits that his claim against Barranco remains active, thus destroying diversity jurisdiction because the parties are not completely diverse. Third, according to Plaintiff, Lyft waived its right to removal when it filed a motion to dismiss in the state court action. Plaintiff does not dispute that the amount-in-controversy requirement has been met here.

### A.     Timeliness of Removal

The Court first addresses the timeliness of removal. It is undisputed that Lyft removed this action more than one year after the action was commenced. Plaintiff filed his complaint on January 10, 2020; Lyft removed it to this Court on March 26, 2021. As noted above, the removal statute

specifically bars removal based on diversity jurisdiction more than one year after the action was filed, unless the Court finds that plaintiff has acted in bad faith to prevent removal. See 28 U.S.C. § 1446(c)(1). Plaintiff argues that because he has not acted in bad faith to prevent removal, Lyft is not excused from § 1446's one-year removal deadline. The Court agrees.

While disclaiming any argument based on the so-called (and misnamed) fraudulent joinder doctrine, Lyft asserts that Plaintiff acted in bad faith to prevent removal by naming Barranco as a defendant with no intention of pursuing his claim against him.[2] According to Lyft, Plaintiff's haphazard—and ultimately failed—attempts to serve Barranco demonstrate that Plaintiff has no intention of pursuing his claim against Barranco. Specifically, Lyft notes that Plaintiff should have been more diligent and should have "filed [a] motion for service by special order and requested the ability to obtain service on Barranco by, for example, serving process on Barranco via email or text message or by serving process on individuals close to Barranco" [11 at 10], or that "Plaintiff could have issued discovery aimed at ascertaining the location of Barranco," or sought an extension of the date by which to serve discovery, rather than simply ignoring the deadline. Lyft further suggests that Barranco may not even be an Illinois citizen, that Plaintiff has known of this possibility, and that Plaintiff has acted in bad faith by deliberately concealing that information from Lyft until moving to remand the case to state court. [See 11 at 9.] In Lyft's view, this conduct amounts to "inaction" that is "precisely what courts have held to constitute bad faith allowing for

---

[2] It is worth noting that this line of argument is perilously close to what the doctrine of fraudulent joinder is meant to address. As the Seventh Circuit explained in *Schur*, "[a] plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction." 577 F.3d at 763. "The 'fraudulent joinder' doctrine, therefore, permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (7th Cir. 1999)). Lyft seemingly disavows any reliance on fraudulent joinder because it believes that "'bad faith' can be much broader than fraudulent joinder, which *** is a high bar to meet." As explained below, accepting Lyft's assessment of the relative burdens as correct, the Court concludes that Plaintiff's conduct does not meet even the "broader" bad-faith standard.

removal more than one year after the commencement of an action." [11 at 7.]

To the Court's knowledge, the Seventh Circuit has not precisely defined the conduct that constitutes "bad faith" in order to excuse a defendant's failure to meet the one-year removal deadline for diversity actions. Lyft seemingly acknowledges this dearth of authority, as it cites only to out-of-circuit district court decisions to support its assertion that "inaction" equates to bad faith in the removal context.

There are, however, other district courts in the Seventh Circuit that have addressed a removing defendant's bad-faith argument. *Herron v. Graco*, 2016 WL 7239915 (S.D. Ill. Dec. 15, 2016), is a case in point. There, the court found that plaintiff had not engaged in bad faith to prevent defendant from removing the case despite circumstantial evidence that plaintiff waited more than three months after serving the complaint before serving the defendant, did not conduct any case-related activities during the year after filing the complaint, and ultimately dismissed his claim against the non-diverse defendant. The court reasoned that "[w]hile counsel for Herron certainly caused some delays in state court," those delays did not amount to bad faith. Citing *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1273 (D.N.M. 2014), a case also cited by Lyft, see [11 at 10–11], the court explained that bad faith under § 1446(c)(1) requires a causal link showing that "[p]laintiff has acted in bad faith *in order to prevent* a defendant from removing an action." *Id.* at *4 (citations omitted). Thus, the court determined, "[t]he bad faith exception does not apply when other factors could have motivated the plaintiff's actions." *Id.*

More recently, in *McVey v. Anaplan, Inc.*, 2020 WL 5253853 (N.D. Ill. Sept. 3, 2020), Judge Chang declined to uphold a defendant's untimely removal where he found an absence of bad faith on the part of the plaintiff. As in this case, the defendant's bad faith argument in *McVey* was "essentially" an argument for fraudulent joinder. See *id.* at *3 (noting that "the bad-faith

exception to the one-year timing requirement codified in Section 1446(c)(1) is *not* the same thing as the fraudulent joinder doctrine," but explaining that defendant's bad-faith argument was essentially that the plaintiff had fraudulently joined a non-diverse defendant in order to defeat diversity). In addition, the court in *McVey* imagined scenarios in which a court might find bad faith, one of which is particularly relevant to this case. The court conceived of a bad-faith scenario "where a plaintiff maintains a viable claim against a non-diverse defendant (in which case there is no fraudulent joinder), but *subjectively* has no intention of litigating against that defendant and is instead solely trying to circumvent removal." *Id.* That hypothetical scenario tracks Lyft's argument in this case—namely, that the record thus far "indisputably confirms that Plaintiff had no intent" of pursuing his claim against Barranco [see 11 at 1].

    The record does not support Lyft's position. Plaintiff has yet to successfully serve Barranco, but his conduct does not show that he does not intend to pursue his claim against Barranco, and therefore has acted in bad faith to prevent removal. To the contrary, Plaintiff attempted to serve Barranco 10 times during 2020 [see 9-4], and on at least one other occasion in 2021 since the removal and the filing of the motion to remand [see 12, 13-2]. Indeed, the fact that "124 days had elapsed since Plaintiff's last attempt to serve Barranco in the 14 months this case had sat essentially dormant in state court" [11 at 1], as Lyft describes, is not proof that Plaintiff abandoned his claim against Barranco. *Cf. GCIU Emp. Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1201 (7th Cir. 1993) (dismissal for failure to prosecute was not proper, "[e]ven if the parties' behavior during the 22-month lull can be fairly characterized as lacking diligence"); *Tome Engenharia E. Transportes, Ltda v. Malki*, 89 F. App'x 518, 520 (7th Cir. 2004) (district court did not abuse its discretion when it declined to find that Plaintiff abandoned its claim, despite "forty-month period of inactivity").

7

Although the gaps of time between Plaintiff's attempt to serve Barranco may reflect less-than-diligent lawyering, the Court cannot say that such conduct constitutes bad faith. See, *e.g.*, *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410–11 (7th Cir. 2011) (defendant had engaged in bad faith conduct throughout the litigation, "objectively understood to mean frivolous tactics and arguments"). Instead, as the state court pointed out in its order denying Lyft's motion to dismiss, Plaintiff had good reason for at least some of its delay: Plaintiff's first attorney fell seriously ill, and the ongoing COVID-19 pandemic created challenges for process servers which posed new obstacles to executing service, particularly in the early stage of the pandemic. See [9-3 at 6]; see also *Thompson v. Brown*, 2020 WL 6149580, at *2 (N.D. Ill. Oct. 20, 2020) (granting additional time for plaintiff to effectuate service, because "[t]he Court is mindful of the significant impact that the pandemic has had on the country, the City of Chicago, and the legal profession"). True, counsel for Plaintiff could have been more diligent and certainly could have moved for approval of alternative service sooner. But there is a considerable gap between best practices (or even good ones) and bad faith. Failure to follow the former does not necessarily signify the latter. In short, the Court cannot conclude that Plaintiff has engaged in bad faith to prevent removal. Accordingly, Lyft's attempt to remove the action is untimely and remand is appropriate.

### B. Diversity jurisdiction

Because the Court cannot find that Plaintiff has abandoned his claim against Barranco, Lyft's argument that subject matter jurisdiction exists as of March 19, 2021 also fails. It is undisputed that diversity jurisdiction did not exist when this action was first filed in state court— Plaintiff, an Illinois citizen, named Barranco, also alleged to be an Illinois citizen, as one of the two defendants in the case. Complete diversity thus did not exist. See *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (noting that statutory diversity jurisdiction requires "that

no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side"). Lyft's grounds for asserting subject-matter jurisdiction therefore turn on whether Plaintiff voluntarily dismissed his claim against Barranco. See *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (7th Cir. 2011) (if, while a case is pending before a state court, "the plaintiff voluntarily dismisses the diversity-destroying defendant, a defendant may then be able to remove the case"). As discussed above, Plaintiff continues to try serving Barranco, and therefore has neither abandoned nor voluntarily dismissed his claim against Barranco. Nor was it established within the one-year period provided under Section 1446(c)(1) that Barranco was domiciled in another state for diversity purposes. Complete diversity is thus lacking. See *Exxon Mobil Corp.*, 545 U.S. at 553.

  **C.**  **Waiver**

Finally, the Court notes that Plaintiff's third argument for remand fails. While it is possible for a defendant to waive its right to remove by actively participating in the litigation in state court, see, *e.g.*, *Curry v. Boeing Co.*, 2021 WL 1088325, at *12 (N.D. Ill. Mar. 22, 2021), Lyft has not done so here. The Circuit Court of Cook County, applying Illinois law, declined to find that Lyft's motion to dismiss the action on procedural grounds or its submission of affirmative defenses constituted active participation in its defense, see [9-3 at 8], and this Court defers to the state court's conclusion in this regard.

**IV.     Conclusion**

For the reasons stated above, Plaintiff's motion to remand [9] is granted. The Clerk is directed to remand this case to the Circuit Court of Cook County. Civil case terminated.


Dated: November 30, 2021

_____
Robert M. Dow, Jr.
United States District Judge